## In re VAN ALLEN.*

(District Court, E. D. Texas, Tyler Division May 31, 1926.)

### No. 2464.

Trusts ⊜358(1)—Inherited undivided interest of minors in stock of merchandise held not traceable into renewed stock, sold in bankruptcy after eight years' continuance of business, to impress a trust on proceeds.

A decedent left an unincumbered stock of merchandise, worth $23,000. It was community property, and one undivided half descended to his minor children. The widow qualified as their guardian and continued the business, becoming bankrupt eight years later, owing mercantile debts contracted in the meantime amounting to $35,000. The stock was sold for $8,500. *Held*, that the undivided interest of the children could not be traced into the bankrupt stock, to impress a trust upon the proceeds, to the exclusion of the creditors.

In Bankruptcy. In the matter of Mrs. Minnie Van Allen, bankrupt. On review of order of referee relative to a preference claim against the estate. Judgment of referee set aside, and claim denied.

Young & Stinchcomb, of Longview, Tex., and Marsh & McIlwaine, of Tyler, Tex., for bankrupt.

King, Mahaffey & Wheeler, of Texarkana, Tex., for trustee.

ESTES, District Judge. Two minor children, through their next friend, have filed a claim against this estate, amounting to approximately $10,000, which they assert should be paid out of the fund now in the hands of the trustee, in preference to claims of creditors. It appears that these minors are the children of the bankrupt and her deceased husband, who at the time of his death in 1917 was engaged in the mercantile business at Longview. The stock of goods was community property, one-half of which, therefore, at the death of the husband, descended to his children. The bankrupt herein qualified as their guardian, and continued the business until April, 1925, when voluntary proceedings in bankrupt were invoked. The stock of goods at that time—that is, at the time the father died—was of the value of about $23,-000, with no outstanding debts. Between that date and the bankruptcy proceedings, debts in excess of $35,000 were created for the purchase of stock. The goods on hand at the time the petition in bankruptcy was filed were sold by the trustee for approximately $8,500, and the claim of these petitioners is therefore for practically all the funds belonging to the estate.

The point is made that, since the stock of goods, during the years the business was operated by the bankrupt, at all times exceeded in value the original interest of these minors, and thus the integrity of their interest in the stock was continued, the assets in the hands of the trustee were charged with a trust to that extent in their favor. In support of that position is cited, among other cases, Cochran v. Sonnen (Tex. Civ. App.) 26 S. W. 521.

I do not think there can be much controversy with respect to the general principles to be applied here. Trust funds may be followed, wherever they can be traced, and into whatever fund they have been invested. "So long as the children could trace with reasonable certainty their interest in a stock of merchandise as an independent fund or value, they were entitled to reimbursement out of the stock, and the insolvency of the assigned estate interposes no obstacle, since neither the creditor nor the assignee are entitled to any fund which did not belong to the assignor." It follows that the determining factor in every case is whether the property of the claimant, when the particular facts are considered, can be said to be traced either actually or constructively, as that word is used in cases where constructive trusts are sought to be established, into the fund before the court.

Without undertaking to review the testimony in detail, it is sufficient to say that in my opinion the property of these petitioners cannot be traced into the funds held here. In the first place, the interest of the petitioners was an interest in common. There was no specific or definite portion of the original stock of goods assigned to them. Such interest as they had was protected by the bond of their guardian, and was under such guardian's control. The business was continued without interruption through a long course of years, and was extended into two mercantile establishments, in two different towns. The stock was repeatedly replenished, and the debts proven here were not only debts incurred in the purchase of such stock, but were substantially in excess of the value of the entire stock at the time the interest of these claimants was inherited. To say that the original undivided interest of these children was constructively preserved through the mutations of this business, and that they, after the sale of the two stocks, can be traced into the proceeds now in the hands of the court, would, it seems to me, carry the doctrine of constructive trusts to an illogical extreme. It would mean that the creditors, and no one but the creditors, would pay their claim, and that, in turn, it seems to me, would be to employ

*Decree reversed in 15 F.(2d) ——.

the fiction on which the doctrine of constructive trusts is based, to work an injustice.

The rule respecting constructive trusts, while equitable and sound when applied to an appropriate state of facts, is, as said by the Supreme Court (265 U. S. 1, 44 S. Ct. 424, 68 L. Ed. 873), "useful to work out equity between a wrongdoer and a victim." Here there are two victims, or, rather, two sets of claimants equally unfortunate, and the controversy is over a fund created, in perfect good faith, by one of them.

So I think the petition should be denied, and the point on which I decide the matter is just the point which I understand the Supreme Court to have had in mind in the case of Cunningham v. Brown, 265 U. S. 1, 44 S. Ct. 424, 68 L. Ed. 873; that is, that it is impossible to trace the property of these claimants into the funds that are before the court, and that to hold, under all the facts here, that such funds are charged with a trust in favor of the petitioners, would be "carrying the fiction [of constructive trusts] to a fantastic conclusion."

The case of Cochran v. Sonnen, supra, involves facts that are, in my opinion, more favorable to a recovery than those here, and illustrates, as I view it, an extreme application of the doctrine. At any rate, I do not think the case is decisive of the point here.

Other propositions have been presented and argued, but the foregoing disposes of the case, and it is therefore unnecessary to discuss them. So it is ordered that the judgment of the referee be set aside, and the claim of the petitioners as a preference claim be denied.